THE STATE OF OHIO, APPELLEE, *v.*
WARRELL, APPELLANT.

(No. 1611—Decided
November 4, 1987.)

*Norman E. Brague,* director of
law, for appellee.

*Michael J. Warrell,* for appellant.

QUILLIN, P.J. Defendant-appellant
Geoffrey D. Warrell was arrested on a charge of operating a motor vehicle while under the influence of alcohol. Defendant pleaded not guilty and filed a motion to suppress all evidence obtained by the prosecution subsequent to the time that defendant was taken into custody and/or custodial interrogation commenced. Defendant contended that this evidence was obtained in violation of his Fifth Amendment rights.

After the trial court overruled the motion, defendant changed his plea to no contest and was convicted of the charge. Defendant now appeals the trial court's denial of his motion to suppress. The issue before us is whether the questioning of defendant in the police cruiser constituted custodial interrogation. We hold that it did not.

At the hearing on defendant's motion, the trial court determined the facts as follows: After consuming four or five beers, defendant drove his car off the road and flipped it over on its top. Defendant requested that a local gas station tow his car, but was told that the car could not be towed until the police were informed of the accident. When defendant contacted the Ohio State Highway Patrol, he was told to return to the accident scene. Thereafter, defendant arrived at the accident scene and was met by his father and a state trooper who asked defendant to get into the police cruiser. The trooper then proceeded to ask defendant some questions concerning the accident. At this point, defendant had not been advised of his *Miranda* rights, nor had he been placed under arrest.

Inside the cruiser, the trooper noticed an odor of alcoholic beverage about defendant. The trooper had defendant perform several field sobriety tests, which defendant failed. The trooper then placed defendant under arrest.

## ASSIGNMENT OF ERROR

"The trial court erred in denying

defendant-appellant's motion to suppress all evidence obtained by the State of Ohio subsequent to the time that defendant-appellant was taken into custody and/or custodial interrogation commenced."

In *Miranda* v. *Arizona* (1966), 384 U.S. 436, 444, the Supreme Court held:

"[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of * * * [a] defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination."

In 1984, the United States Supreme Court held that the *Miranda* doctrine was applicable to custodial interrogation of a suspect accused of a misdemeanor traffic offense, but not to roadside questioning of a motorist detained pursuant to a traffic stop. *Berkemer* v. *McCarty* (1984), 468 U.S. 420. The court explained that "custodial interrogation" involves " 'questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.' " *Berkemer, supra,* at 428 (quoting *Miranda, supra,* at 444).

Although a determination of whether a suspect is "in custody" for purposes of receiving *Miranda* protection depends on the circumstances of each case, the ultimate inquiry is simply whether there is a " 'formal arrest or restraint on movement' of the degree associated with a formal arrest." *California* v. *Beheler* (1983), 463 U.S. 1121, 1125. In making this determination, "the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation." *Berkemer, supra,* at 442.

Applying this objective, reasonable man standard to the present case, the trial court correctly concluded that defendant was not deprived of his freedom in any significant way and therefore was not in custody. Simply requiring defendant to sit in a police car for a short period of time to answer a few questions did not elevate the situation beyond the realm of the ordinary traffic stop approved in *Berkemer.* See, also, *State* v. *Herem* (Minn. 1986), 384 N.W. 2d 880. Nor is our opinion changed because there was no traffic stop as in *Berkemer.* Defendant was under no compulsion to return to the accident scene and faced no threat of force if he did not return. See *Oregon* v. *Mathiason* (1977), 429 U.S. 492 (suspect held not to be in custody when he voluntarily appeared at police station).

We agree with the trial court that a reasonable man in defendant's position would believe that the officer's purpose in detaining him was only to complete an accident report. A motorist questioned at an accident scene can reasonably expect that he will be requested to answer some questions and have his license and registration checked.

Other circumstances also suggest that a reasonable man in defendant's position would not have considered himself in custody when he entered the police car. The record indicates that the temperature was forty degrees; and it was routine trooper practice to complete accident reports inside the cruiser. Prior to the time of arrest, the questioning of defendant was conducted publicly by one officer. See *Berkemer, supra,* at 438.

The trial court thus correctly concluded that the brief detention did not exert upon defendant pressures that sufficiently impaired the free exercise of his privilege against self-incrimination so as to require that he be informed of his constitutional rights. See *Berkemer, supra,* at 437.

The assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and CACIOPPO, JJ., concur.