OPINION
Appellant Douglas Plott is appealing his conviction, in the Licking County Court of Common Pleas, of one count of possession of marijuana with a forfeiture specification. The following facts give rise to this appeal.
On January 13, 1998, Detective Paul Cortright, a detective for the City of Newark, Special Agent Rapheal Martinez, an agent for the Federal Alcohol, Tobacco and Firearms Division, and Detective Randy Pohl, a detective for the Delaware County Sheriff's Office, traveled to Johnstown, Ohio, to interview appellant. The law enforcement officials traveled to Johnstown in a van owned by the police agencies. In 1996, Special Agent Rapheal Martinez participated in the investigation of a person operating a meth lab in Delaware County. During this investigation, Special Agent Martinez discovered that one of the guns seized as part of the investigation belonged to appellant. The officers were investigating the ownership of the rifle.
As the officers were driving through Johnstown, they saw appellant's vehicle parked in the rear of a residence. They observed appellant leaving the residence. The officers pulled into a parking lot, approached appellant and told him they wanted to talk to him. Appellant placed a black gym bag he was carrying in the back of his vehicle and followed the officers to their van for questioning. The questioning occurred in the van because appellant did not want to answer questions in the presence of a passenger in his vehicle.
The officers did not read appellant his Miranda rights upon entering the van. The officers first questioned appellant about the gun for approximately twenty-five minutes. Thereafter, the officers inquired about whether appellant possessed any drugs. Appellant informed the officers he had marijuana in his vehicle. However, while still in the van, appellant handed over a bag of marijuana he removed from his person. Appellant still appeared nervous and the officers asked if they could search appellant's vehicle. Appellant admitted he had marijuana in his vehicle and asked if he could retrieve it. At this point, the officers decided to search the residence appellant had previously exited. While conducting the search, the officers placed appellant in the back of a Johnstown cruiser.
Upon completing the search of the residence, the officers permitted appellant to retrieve the marijuana from his vehicle. At that point, the officers placed appellant under arrest for possession of drugs and informed him of his Miranda rights. Appellant signed the form advising him of his Miranda rights and agreed to talk to the officers. Appellant also agreed to the search of his vehicle where the officers discovered more drugs and a gun.
The Licking County Grand Jury indicted appellant on January 23, 1998, for possession of marijuana with a forfeiture specification. Appellant entered a plea of not guilty on February 2, 1998. On February 27, 1998, appellant filed a motion to suppress. The trial court denied appellant's motion to suppress on April 6, 1998. Appellant subsequently entered a plea of no contest on April 21, 1998. The trial court found appellant guilty and sentenced him to two years at the Orient Reception Center, suspended his drivers license for six months and imposed a mandatory $5,000 fine.
Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN OVERRULING THE MOTION TO SUPPRESS BECAUSE THE COURT FAILED TO REVIEW AND CONSIDER WHAT A REASONABLE MAN WOULD HAVE THOUGHT AS TO BEING IN A CUSTODIAL RETENTION AND THE RULING RESULTS IN A DENIAL OF DEFENDANT-APPELLANT'S RIGHTS UNDER THE 4TH, 5TH, 6TH AND 14TH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 II. THE TRIAL COURT ERRED IN NOT SUSTAINING THE MOTION TO SUPPRESS EVIDENCE SEIZED FROM THE FORD EXPLORER BECAUSE DEFENDANT-APPELLANT WAS IN A COERCIVE POSITION AND COULD NOT REASONABLY DENY CONSENT, THEREBY DEPRIVING HIM OF HIS RIGHTS UNDER THE 4TH, 5TH, 6TH AND 14TH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES AND ARTICLE I, SECTION 10, AND SECTION 14 OF THE OHIO CONSTITUTION.
 I
Appellant maintains, in his first assignment of error, the trial court erred when it overruled his motion to suppress because a reasonable person would have believed he or she was in custody under the facts of this case. Appellant specifically maintains the trial court did not properly consider the findings to determine appellant's state of mind under the reasonable person standard. We disagree.
Appellant challenges the trial court's decision overruling his motion to suppress on the basis that the trial court failed to apply the appropriate test or correct law to the findings of fact. Under this type of a challenge, as an appellate court, we can reverse the trial court for committing an error of law. See Statev. Williams (1993), 86 Ohio App.3d 37. It is under this standard that we review appellant's first assignment of error.
Appellant maintains that anyone in his position would have believed he was in custody. Appellant argues that his physical appearance and actions should have made it clear to the officers that he believed he was in custody. Further, appellant states that once the conversation turned to drugs, the officers should have read him his Miranda rights. Finally, appellant contends the trial court failed to review the facts of this case under the reasonable person standard.
For Miranda purposes, the trial court must determine whether there is a formal restraint or a restraint on movement associated with formal arrest. This decision depends upon the facts of each case. State v. Warrell (1987), 41 Ohio App.3d 286, 287, citingCalifornia v. Beheler (1983), 463 U.S. 1121, 1125. The ultimate inquiry is whether there is a "formal arrest or restraint on movement of the degree associated with a formal arrest." Beheler
at 1125. In making this determination, the trial court must determine how a reasonable person in the suspect's position would have understood his position. Id., citing Berkemer v. McCarty
(1984), 468 U.S. 420, 442.
In determining whether a person has been taken into custody for Miranda purposes, the court is to consider the following factors:
 `the presence of probable cause to arrest; the subjective intent of the officers; the subjective belief of the accused; the focus of the investigation; the language used to summon the accused; pressure exerted on the accused not to leave; the duration and nature of the interrogation; how the accused reached the place of interrogation; and, whether the accused was permitted to leave following the interrogation.' State v. Mason (Aug. 23, 1993), Ashland App. No. CA-975, unreported, at 5.
A review of the trial court's judgment entry establishes the trial court did consider the facts of this case under a reasonable person standard. Although the trial court did not specifically state, in its judgment entry, that it was applying the reasonable person standard in analyzing the facts of this case, the court did consider the factors listed above in Mason. The following facts establish appellant was not in custody, which would have required the officers to read appellant his Miranda rights, until appellant removed the drugs from his vehicle.
Agent Rapheal Martinez testified that upon approaching appellant, he told appellant he was not under arrest. Tr. Suppression Hrng. at 55-56. Agent Martinez testified that they had no intention of arresting appellant and that they only wanted to question him about ownership of a gun found during a search of a drug dealer's house. Id. at 57. The officers had no arrest warrant and had no intention of arresting appellant. Id. at 41, 60. They thought appellant could be a possible witness. Id. Appellant indicated he wanted to talk some place other than in front of the passenger in his vehicle and agreed to accompany the officers to their van. Id. at 14. Appellant voluntarily entered the van. Id. at 16. The officers did not conduct a pat-down search of appellant, did not display their weapons nor did they handcuff appellant. Id. at 16-17. Agent Martinez testified that no physical restraints or threats were used during the questioning of appellant. Id. at 57.
The officers questioned appellant for approximately twenty-five minutes about the weapon. Id. at 17. At that point, Detective Cortright testified that appellant would have been permitted to leave, however, he asked appellant if he had any drugs on his person or in his van. Id. at 18. Appellant replied that he had an eighth of an ounce of marijuana in his vehicle, but subsequently removed the bag of marijuana from his person. Id. Following the search of the house for drugs, which appellant had left prior to the officers questioning him, the officers permitted appellant to retrieve the drugs from his vehicle. Id. at 22-23. After appellant removed the marijuana from his vehicle, the officers placed appellant under arrest for possession of drugs and read him his Miranda rights. Id. at 23, 51. At that point, appellant signed the Miranda form and agreed to talk to the officers. Id. at 27-28, 45. Appellant also agreed to permit the officers to search his vehicle. Id. at 29. Detective Cortright testified that before appellant indicated he had drugs, they were going to let him go. Id. at 40.
Clearly, under the facts of this case and pursuant to the factors set forth in Mason, appellant was not in custody, forMiranda purposes, until such time as he removed the marijuana from his vehicle. At that point, the officers advised appellant of his Miranda rights which appellant acknowledged by signing the form. We find a reasonable person, under the facts of this case, would not have believed he or she was in custody when the officers first approached appellant and began asking him questions. Only after appellant turned the marijuana over to the officers would a reasonable person believe he or she was in custody because at that point, the officers informed appellant he was under arrest for possession of drugs. As such, the trial court did not commit an error at law when it denied appellant's motion to suppress.
Appellant's first assignment of error is overruled.
 II
Appellant maintains, in his second assignment of error, the trial court should have suppressed the evidence seized, from his vehicle, because appellant was in such a position that he could not deny consent to search his vehicle. We disagree.
The record indicates that the officers did not search appellant's vehicle until after placing him under arrest for possession of drugs and receiving appellant's consent to search the vehicle. Id. at 29. At the point the officers searched appellant's vehicle, appellant was already under arrest and had consented to the search of his vehicle. Even if we were to find appellant did not consent to the search of his vehicle, the search was still valid as it was conducted pursuant to a lawful arrest. See State v. Akron Airport Post 8975 (1985), 19 Ohio St.3d 49, 51.
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Gwin, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.