Appellant Donald Mason is appealing the decision of the Licking County Court of Common Pleas that denied his motion to suppress and motion to withdraw his guilty plea. The following facts give rise to this appeal.
On March 19, 1998, the Licking County Grand Jury indicted appellant on one count of felonious sexual penetration, one count of gross sexual imposition and one count of rape. All three counts related to appellant's conduct with his stepdaughter. Prior to the indictment, on March 6, 1998, Detective Wheeler of the Licking County Sheriff's Department contacted appellant and asked him to come to his office. Appellant appeared at Detective Wheeler's office and gave a statement which implicated him in the above offenses. Detective Wheeler did not give appellant his Miranda warnings at this interview. Two days after this interview, appellant was arrested.
On May 19, 1998, appellant filed a motion to suppress his statement to Detective Wheeler. The trial court conducted a hearing on appellant's motion on May 27, 1998. By judgment entry dated May 28, 1998, the trial court denied appellant's motion to suppress on the basis that appellant was not in custody at the time of the interview with Detective Wheeler.
Thereafter, on May 28, 1998, appellant entered a guilty plea to the charges contained in the indictment. On June 11, 1998, appellant sent a letter to the trial court requesting that he be permitted to withdraw his guilty plea and obtain new counsel. The trial court conducted a hearing on June 23, 1998, and refused to permit appellant to withdraw his guilty plea until appellant obtained new counsel.
The trial court conducted a second sentencing hearing on June 30, 1998. Appellant appeared at this hearing without counsel. The trial court informed appellant that if he could not retain counsel, the court would appoint counsel on his behalf. The trial court continued the matter of sentencing. On July 2, 1998, the trial court appointed Attorney Bruce Ennen to represent appellant.
On July 17, 1998, the trial court conducted a hearing on sentencing, appellant's motion to withdraw his guilty plea, and appellant's second motion for new counsel. The trial court denied appellant's motion for new trial and refused to permit appellant to withdraw his guilty plea. The trial court proceeded to sentencing. The trial court sentenced appellant to seven years on the count of felonious sexual penetration, three years on the count of gross sexual imposition and seven years on the count of rape. The trial court ordered the sentences to be served concurrently.
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE COURT ERRED TO THE DETRIMENT OF THE APPELLANT BY NOT SUPPRESSING APPELLANT'S STATEMENTS TO DETECTIVE WHEELER WITHOUT BENEFIT OF MIRANDA WARNING.
 II. THE COURT ERRED TO THE DETRIMENT OF THE APPELLANT AND ABUSED ITS DISCRETION BY NOT ALLOWING HIM TO WITHDRAW HIS PREVIOUSLY ENTERED NO CONTEST PLEA PRIOR TO SENTENCING.
 I
In his First Assignment of Error, appellant contends the trial court should have suppressed the statement he made to Detective Wheeler because Detective Wheeler did not read him his Miranda warnings. We disagree.
Appellant challenges the trial court's denial of his motion to suppress on the basis that the trial court incorrectly decided the ultimate or final issue raised in the motion. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard. State v. Curry (1994), 95 Ohio App.3d 93, 96; Statev. Claytor (1993), 85 Ohio App.3d 623, 627; State v. Guysinger
(1993), 86 Ohio App.3d 592. It is based on this standard that we review the trial court's decision denying appellant's motion to suppress.
For Miranda purposes, the trial court must determine whether there is a formal restraint or a restraint on movement associated with formal arrest. This decision depends upon the facts of each case. State v. Warrell (1987), 41 Ohio App.3d 286,287, citing California v. Beheler (1983), 463 U.S. 1121,1125. In making this determination, the trial court must determine how a reasonable person in the suspect's position would have understood his position. Id., citing Berkemer v.McCarty (1984), 468 U.S. 420, 442.
In determining whether a person has been taken into custody for Miranda purposes, the court is to consider the following factors: "* * * the presence of probable cause to arrest; the subjective intent of the officers; the subjective belief of the accused; the focus of the investigation; the language used to summon the accused; pressure exerted on the accused not to leave; the duration and nature of the interrogation; how the accused reached the place of interrogation; and, whether the accused was permitted to leave following the interrogation."State v. Mason (Aug. 23, 1993), Ashland App. No. CA-975, unreported, at 5.
In this case, Detective Wheeler contacted appellant by telephone and asked him to come to the sheriff's department to answer some questions. Tr. Supp. Hrng. at 5, 9. While on the telephone, appellant asked Detective Wheeler if he was going to be arrested and Detective Wheeler informed him that he would not be arrested. Id. at 5. Appellant drove himself to Detective Wheeler's office. Id. at 5, 13. Detective Wheeler testified the interview took place, in his office, with the two doors to his office shut for privacy. Id. at 5-6, 13. While in Detective Wheeler's office, appellant had access to the two doors, which were not blocked. Id. at 6, 13-14. Detective Wheeler informed appellant, upon his arrival at his office and at the end of the taped statement, that appellant was free to leave at anytime.Id. at 6-7, 14. Further, during the taped statement, Detective Wheeler informed appellant that he was not going to be arrested. Id. at 7, 15. Finally, Detective Wheeler made no threats or promises to appellant. Id. at 8, 15.
Based on the above set of facts concerning Detective Wheeler's questioning of appellant, we find appellant was not in custody, for Miranda purposes, when Detective Wheeler interviewed him. Appellant voluntarily drove to the sheriff's department to talk to Detective Wheeler. Appellant was not formally restrained during the interview and Detective Wheeler informed appellant that he was not under arrest and could leave at anytime. We find that a reasonable person, in appellant's position, would not believe he or she was in custody. Accordingly, the trial court properly denied appellant's motion to suppress.
Appellant's First Assignment of Error is overruled.
 II
Appellant maintains, in his Second Assignment of Error, the trial court abused its discretion by not permitting appellant to withdraw his guilty plea. We disagree.
In support of this assignment of error, appellant argues he was suffering from memory loss at the time of the interview with Detective Wheeler due to alcohol withdrawal. Appellant also argues that as a result of his memory loss, he did not understand the proceedings when he entered his guilty plea.
Crim.R. 32.1 governs the withdrawal of guilty pleas and provides as follows:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
"A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." State v.Smith (1977), 49 Ohio St.2d 261, paragraph two of the syllabus.
We find the trial court did not abuse its discretion when it denied appellant's request to withdraw his guilty plea. The record in this matter indicates that at the time appellant entered his guilty plea, the trial court thoroughly reviewed appellant's rights with him. Tr. Change of Plea Hrng. at 4-12, 15-22. Further, appellant specifically stated, at the change of plea hearing, that he was in good mental health. Id. at 20. Appellant also indicated that the only physical problems he suffered from were heart problems and high blood pressure. Id.
Finally, appellant admitted that he understood and appreciated the nature of the proceedings. Id. at 21. Based on this evidence, we find the trial court did not abuse its discretion when it denied appellant's motion to withdraw his guilty plea.
Appellant's Second Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
By: Wise, P. J., Hoffman, J., and Farmer, J., concur.
-----------------------
-----------------------
 ----------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
-----------------------
-----------------------
-----------------------
JUDGES