OPINION
Defendant-appellant, Shawn N. Affolter, appeals from the January 29, 1999 judgment of conviction of the Franklin County Court of Common Pleas in which he was found guilty of operation of a motor vehicle while under the influence of alcohol or drugs ("OMVI") in violation of R.C. 4511.19(A)(1), operation of a motor vehicle with a prohibited concentration of alcohol ("OMVI per se") in violation of R.C. 4511.19(A)(3), possession of drug paraphernalia in violation of R.C. 2925.14(C), and drug abuse in violation of R.C. 2925.11. For the reasons that follow, we affirm.
On July 18, 1998, Officer Richard Steller of the Grove City Police Department arrested appellant in the parking lot of the Microtel Motel in Grove City, Ohio. Appellant filed a motion to: (1) suppress statements he had made to police; (2) suppress all evidence seized by the police; and (3) suppress his breath test results.
At the suppression hearing on November 11, 1998, Officer Steller testified that he was on patrol duty in the early morning hours of July 18, 1998. Because of recent thefts in the area, Officer Steller was parked in his marked cruiser in the parking area of the Microtel. Officer Steller was positioned so that he could see traffic in the area of Stringtown Road and Jackpot Road, as well as several motels. At approximately 3:00 a.m., Officer Steller saw a 1988 Chevy enter the driveway of the Microtel and pull into the parking area. Officer Steller testified that he saw a male and a female get out of the car on the passenger side and walk across the street to a White Castle restaurant. Another male, appellant, remained in the driver's seat with the engine running. Thinking it was odd that two people would park at Microtel and walk to White Castle, Officer Steller approached the vehicle in his cruiser with his lights off. As he neared the vehicle, Officer Steller testified that he could see appellant smoking a pipe. Officer Steller testified that he could see the driver holding up a pipe with a lighter, and that appellant "was kind of watching the windows, turning his head side to side like he was looking for somebody or watching for somebody." (Tr. 19.) Officer Steller testified that he could see puffs of smoke coming out where the driver's side window was slightly open.
Finding this behavior suspicious, Officer Steller pulled his cruiser behind appellant's vehicle, blocking it in. As he exited his cruiser, he detected the odor of marijuana. When Officer Steller approached the vehicle, appellant exited the vehicle and began to walk away. Officer Steller called out to appellant and engaged him in conversation. According to Officer Steller, he then asked appellant what he was doing, and appellant responded, "I was smoking some marijuana sitting here." (Tr. 21.) As they were conversing, Officer Steller detected a strong odor of an alcoholic beverage about appellant, "a little bit of slurred speech," and bloodshot and glassy eyes. Officer Steller testified that he could see the pipe lying on the seat. Officer Steller then asked appellant "well, where is the rest of your marijuana?" Officer Steller testified that appellant told him the rest of the marijuana was in the center console.
Officer Steller testified that after appellant was placed in the cruiser, Officer Steller then turned off appellant's vehicle.[1] Officer Steller then retrieved the pipe that was lying on the seat and collected, from the center console, a Tupperware container with marijuana inside. Officer Steller then advised appellant that he was under arrest.
While transporting appellant to the police station, Officer Steller testified that the odor of alcohol became stronger. At the police station, appellant was read his constitutional rights; however, the form used omitted any reference to appellant's right to have an appointed attorney during questioning.
Officer Steller then conducted a field sobriety test of appellant at the police station. According to Officer Steller, appellant passed the one leg stand, but failed the walk and turn, the finger to nose, and the horizontal gaze nystagmus or HGN. Officer Steller administered a breath-alcohol content ("BAC") verifier test and received a result of .127.
Appellant and a defense witness also testified at the hearing on November 11, 1998. Appellant and the other defense witness, Joe Gill, denied that appellant was driving the vehicle to the motel that evening. Appellant and Gill testified that, after they and the female driver left the car, they then walked toward the hotel. Gill and the driver then decided that they wanted to get something to eat, so Gill and the driver proceeded across the street to White Castle while appellant returned to the car and sat in the driver's seat with the engine off. Appellant denied ownership of the drugs and drug paraphernalia, and stated that the items belonged to Gill. Gill asserted his Fifth Amendment right against self-incrimination when asked if the pipe and drugs were his. Appellant denied confessing to the officer anything other than he knew there were drugs in the car.
At the close of the hearing, the trial court overruled the motion to suppress stating:
 THE COURT: Okay. Well, this whole case — I guess this whole motion hearing hinges upon whose set statement of facts or whose factual situation you want to believe. If you want to believe Mr. Kingsley's client and his witness in their statement of facts, then he should win. If you want to listen to the officer's statement of facts and the way it happened, the State should win.
 So what does that tell me? It tells me it is a question for the jury to decide. The Court finds that the motion to suppress is denied. And frankly, that would be on all counts, including the Miranda, because I have read over Exhibit 7, and while it does not specifically state exactly what that is, I think it is sufficient enough to advise the defendant. And again, most of the problems came prior to him being placed under arrest.
 So the Court will deny the motion to suppress on the basis of probable cause and reasonable suspicion and the lack of a, quote, full Miranda warning. Okay. [Tr. 110-111.]
The case proceeded to a jury trial. At trial, the prosecution did not elicit any testimony regarding any statements appellant allegedly made after his arrest. At the close of the state's case, appellant moved for a judgment of acquittal pursuant to Crim.R. 29 on the grounds that the state had failed to elicit the necessary language to prove that the BAC test was over the legal limit as defined by statute. The trial court permitted the prosecution to reopen its case and recall Officer Steller who testified that appellant tested at ".127 grams of alcohol per 210 liters of his breath." (Tr. 213.)
After the state rested the second time, appellant renewed his Crim.R. 29 motion on the grounds that there was no testimony that the BAC test was administered within two hours. The trial court took the motion under advisement.
After the state presented a brief rebuttal, the defense presented its case. Appellant was found guilty of all four counts, and the trial court overruled the Crim.R. 29 motion.
Appellant appealed, assigning as error the following:
ASSIGNMENT OF ERROR NO. 1:
 DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR WHEN IT REFUSED TO SUPPRESS DEFENDANT'S STATEMENTS?
ASSIGNMENT OF ERROR NO. 2:
 DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR WHEN IT REFUSED TO SUPPRESS THE PIPE, THE MARIJUANA, THE ROLLING PAPERS, AND ROACH CLIP?
ASSIGNMENT OF ERROR NO. 3:
 DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR WHEN IT DENIED DEFENDANT'S CRIMINAL RULE 29 MOTION TO DISMISS THE OMVI, CONTRARY TO OHIO REVISED CODE 4511.19(A)(3)?
In his first assignment of error, appellant argues that, when the officer blocked his car with the cruiser, he was in custody, thereby triggering the requirement to administer Miranda
warnings. See Miranda v. Arizona (1966), 384 U.S. 436. Alternatively, appellant contends that, at the point when Officer Steller called appellant back to the vehicle, he was in custody for purposes of Miranda. Since no Miranda warnings were given until after appellant allegedly made incriminating statements, appellant argues that his admissions that he was smoking marijuana and that the marijuana and paraphernalia in the car were his, should have been suppressed.
In Miranda, at 444, the United States Supreme Court held that:
 * * * [T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of [a] defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. * * *
A determination of whether a suspect is in custody for purposes of receiving Miranda warnings depends on the circumstances of each case. State v. Warrell (1987), 41 Ohio App.3d 286,287. Thus, the issue is whether he was in custody for purposes of Miranda at the time Officer Steller questioned appellant.
In Berkemer v. McCarty (1984), 468 U.S. 420, 440, the United States Supreme Court held that persons temporarily detained pursuant to an ordinary traffic stop are not generally "in custody" for purposes of Miranda. The court reasoned that detention of a person pursuant to a traffic stop is presumptively temporary and brief, and circumstances associated with the typical traffic stop are not such that the motorist feels completely at the mercy of the police. Id. at 437-438. Thus, the usual traffic stop is analogous to a "Terry stop." Id. at 439, citing Terry v.Ohio (1968), 392 U.S. 1. Under the Fourth Amendment, a police officer who lacks probable cause but whose observations lead him reasonably to suspect that a person has committed, is committing, or is about to commit a crime, may detain that person briefly to investigate the circumstances that provoke suspicion. UnitedStates v. Brignoni-Ponce (1975), 422 U.S. 873, 871.
Such is the case here. Due to the number of thefts in the area, Officer Steller had positioned his cruiser where he could observe traffic around the Microtel. He found it suspicious that appellant parked at the motel while the passengers went to White Castle. As Officer Steller approached appellant's vehicle to investigate, he saw appellant smoking a pipe and looking around in a furtive manner. Lacking probable cause for an arrest, the officer was permitted to detain appellant and ask him a moderate number of questions to determine his identity and to obtain information confirming or dispelling the officer's suspicions.Berkemer, supra, at 439. Appellant was not obliged to respond.Id. Thus, at the time appellant made his incriminating statements, he was not in custody for purposes of Miranda and, therefore, it was not error for the trial court to admit the statements.
According to appellant, at the Grove City police station, appellant was read his Miranda rights and repeated his incriminating statements. Appellant argues that, because he was not informed of his right to appointed counsel, all of his statements should have been suppressed. Again, we disagree. At no point during trial did the prosecution inquire into statements made by appellant subsequent to his arrest. The first assignment of error is not well-taken and is overruled.
In his second assignment of error, appellant argues that the marijuana and drug paraphernalia seized by the police was the product of an illegal search. Appellant argues that he was seized without probable cause from the moment the officer blocked his car, and that his freedom was further impaired when the officer told him to return for questioning. Accordingly, all items seized were the product of this illegal seizure and the illegal questioning that followed. Finally, appellant argues that the search for marijuana in the console was not incident to arrest because he had not yet been placed under arrest when the items were found.
When a law enforcement officer executes a stop of a motorist in his automobile while on a public street or highway, such stop is a "seizure" as contemplated by the Fourth Amendment.Delaware v. Prouse (1979), 440 U.S. 648, 653. Any search or seizure accomplished without a warrant is presumptively unreasonable and, once challenged, the burden is upon the state to demonstrate that the search and/or seizure falls within a limited class of exceptions to the warrant requirement. Xenia v. Wallace
(1988), 37 Ohio St.3d 216, 218.
Here, the prosecution met that burden. The propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances. State v.Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus. The following facts, as presented by Officer Steller, gave him the right to conduct a Terry-like stop of the vehicle: (1) the officer being aware of recent criminal activity in the vicinity of the motel; (2) the time being 3:00 a.m.; (3) appellant's behavior of parking his car in the motel parking lot while his companions went across the street to a restaurant, sitting in the parked car with the engine running, lighting a pipe and looking around in a furtive manner. Once the officer exited his vehicle and detected the odor of marijuana, he had further reason to detain appellant who by that time was walking away from his vehicle.
Once the officer lawfully approached appellant's vehicle, the marijuana pipe was in plain view and the officer had probable cause to seize that item. Appellant's statement that the rest of the marijuana was in the console provided probable cause for the officer to search for the container. "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." United States v. Ross (1982),456 U.S. 798, 825. The second assignment of error is not well-taken and is overruled.
In his third assignment of error, appellant argues the trial court should have granted his Crim.R. 29 motion as the state failed to introduce evidence that the BAC test was administered within two hours of the alleged violation. The state disagrees, citing State v. French (1995), 72 Ohio St.3d 446, for the proposition that failure to challenge the two-hour requirement in a pre-trial motion to suppress waives the requirement for the state to lay such a foundation for the admissibility of the results at trial.
Here, although appellant filed a motion to suppress the BAC test results, the grounds for his motion were calibration issues, not the two-hour requirement. Thus, pursuant to French,supra, appellant has waived the requirement that the state lay such a foundation at trial. The third assignment of error is not well-taken and is overruled.
Based on the foregoing, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
DESHLER and PETREE, JJ., concur.
[1] At trial, Officer Steller testified that when appellant left the vehicle, the car was turned off and the key was in the ignition.