OPINION
On July 27, 2000, appellant was arrested and charged with aggravated burglary. The Licking County Grand Jury returned a three count indictment against appellant charging him with one count of aggravated burglary, one count of robbery and one count of possession of cocaine. On August 11, 2000, appellant filed a motion to suppress alleging that statements obtained from him were in violation of his Miranda rights and should therefore be suppressed. A suppression hearing was held on appellant's motion on August 28, 2000. By judgment entry filed September 1, 2000, the trial court denied appellant's motion to suppress. On October 9, 2000, appellant entered a plea of no contest to the charges and was sentenced to a term of imprisonment for four years. On October 12, 2000, Appellant filed this appeal, assigning the following error: ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS
Appellant maintains on appeal that he was in custody while being questioned by Detective Vanoy at Grant Medical Center in Columbus, Ohio, and that he did not voluntarily, knowingly or intelligently waive his Miranda rights. When reviewing a trial court's decision to deny a motion to suppress evidence, we are guided by the Ohio Supreme Court's rulings in State v. Smith (1991), 61 Ohio St.3d 284 and State v. Fanning (1982),1 Ohio St.3d 19. Pursuant to these cases, it is well settled law that "[a]t a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact." Smith at 288, citing Fanning at 20. We are therefore required to accept the trial court's findings of fact if they are supported by competent, credible evidence, State v. Klein (1991), 73 Ohio App.3d 486, 488. For Miranda purposes, the trial court must determine whether there is a formal restraint or a restraint on movement associated with formal arrest. This decision depends upon the facts of each case. State v. Warrell (1987),41 Ohio App.3d 286, 287, citing California v. Beheler (1983),463 U.S. 1121, 1125. In making this determination, the trial court must determine how a reasonable person in the suspect's position would have understood his position. Id., citing Berkemer v. McCarty (1984),468 U.S. 420, 442. In determining whether a person has been taken into custody for Miranda purposes, the court is to consider the following factors: "the presence of probable cause to arrest; the subjective intent of the officers; the subjective belief of the accused; the focus of the investigation; the language used to summon the accused; pressure exerted on the accused not to leave; the duration and nature of the interrogation; how the accused reached the place of interrogation; and, whether the accused was permitted to leave following the interrogation." State v. Mason (June 10, 1994), Holmes App. No. 484, unreported, p. 3. In the case sub judice, we find that the trial court's decision that appellant was not in custody at the time of his questioning at Grant Medical Center is supported by competent, credible evidence. Upon inquiry by the appellant, he was informed by Detective Vanoy that he was not going to be arrested at the present time but that there was a strong likelihood that such would occur upon his release from the hospital: Det. Vanoy: He asked if he was going to be arrested. I told him he was not going to be arrested at this time, but there's a good probability that he would be arrested at a later date when he was released. He wanted to know what he was looking at time wise, would we give him a favorable recommendation. I told him that would be up to the prosecutor's office and the judge hearing the case. (T. at 14).
Furthermore, appellant's girlfriend, who was present when the detectives arrived at the hospital, was not asked to leave, although she later did so on her own accord. (T. at 11). Appellant also received a number of telephone calls while Detective Vanoy was present, which he was allowed to complete. (T. at 13). Based upon the above set of facts surrounding appellant's questioning, we find that appellant was not in custody at the time of the interview and for purposes of Miranda warnings. Appellant was not formally restrained during his stay at the hospital. Following the interview, he remained at the hospital for treatment purposes. We find that a reasonable person in appellant's position would not believe that he was in custody.
The trial court properly denied appellant's motion to suppress. Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.
 ___________ Boggins, J.
Gwin, P.J. and Hoffman, J. concur.