OPINION
{¶ 1} Appellant Paul L. Welch appeals his conviction and sentence entered by the Ashland Municipal Court on one count of possession of drug paraphernalia, in violation of R.C. 2925.14, after the trial court found him guilty following his plea of no contest.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties do not dispute the facts of this case. At approximately 2:45 a.m. on August 9, 2001, Trooper Andrew Topp of the Ohio State Highway Patrol made a routine traffic stop of a vehicle in which appellant was a passenger. When Trooper Topp approached the vehicle and spoke with the driver, he noticed the odor of burnt marijuana emanating from the interior of the vehicle. The trooper instructed the driver to exit the vehicle and placed the driver in his cruiser. Inside the cruiser, Trooper Topp questioned the driver for approximately ten to fifteen minutes, during which time the driver implicated appellant as the one in possession of marijuana.
 {¶ 3} Trooper Keener arrived at the scene after Trooper Topp completed his processing of the driver. Both troopers approached the passenger side of the vehicle. Trooper Topp instructed appellant to exit the vehicle. After appellant responded to Trooper Topp's request for identification, the trooper immediately inquired of appellant as to the location of the marijuana. Appellant informed the trooper the marijuana was in his green backpack. Trooper Topp searched the backpack and found a baggie of marijuana as well as certain drug paraphernalia. Appellant conceded ownership of the drugs and related items. Trooper Topp arrested appellant for possession of drug paraphernalia, in violation of R.C.2925.14; and possession of marijuana, in violation of R.C. 2925.11.
 {¶ 4} Appellant was released on his own recognizance and was ordered to appear in Ashland Municipal Court for arraignment on August 10, 2001. At appellant's request, the trial court continued the arraignment until September 25, 2001. Appellant filed a Motion to Dismiss/Suppress Evidence on October 11, 2001. The trial court conducted a hearing on the motion. The trial court overruled appellant's motion via Findings of Fact, Conclusions of Law and Judgment Order filed December 21, 2001.
 {¶ 5} Subsequently, appellant appeared before the trial court and entered a plea of no contest to the charge of possession of drug paraphernalia.[1] The trial court found appellant guilty and sentenced him to thirty days in the Ashland County Jail. The trial court suspended twenty-seven of the days and placed appellant on probation for a period of one year. The trial court memorialized appellant's conviction and sentence via Judgment Order filed February 13, 2002.
 {¶ 6} It is from this judgment entry appellant appeals, raising the following assignment of error:
 {¶ 7} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO GRANT APPELLANT'S MOTION TO SUPPRESS."
 I {¶ 8} Herein, appellant maintains the trial court erred in failing to grant his motion to suppress. Specifically, appellant challenges the trial court's finding he was not in custody; therefore, the arresting trooper was not required to give him Miranda warnings.
 {¶ 9} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; Statev. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; and State v. Guysinger, supra.
 {¶ 10} The trial court in the instant action concluded appellant was not "in custody" for purposes of Miranda. The trial court based this conclusion on the fact the officers approached appellant after spending only fifteen minutes with the driver of the vehicle, and the fact the officers merely requested appellant exit the vehicle. The trial court found, under the totality of the circumstances, a reasonable person would not perceive him or her self to be "in custody." We agree with the trial court's determination.
 {¶ 11} For Miranda purposes, the trial court must determine whether there was a formal restraint or a restraint on movement associated with formal arrest. This decision depends upon the facts of each case. State v. Warrell (1987), 41 Ohio App.3d 286, 287, citingCalifornia v. Beheler (1983), 463 U.S. 1121, 1125. The ultimate inquiry is whether there is a "formal arrest or restraint on movement of the degree associated with a formal arrest." Beheler at 1125. In making this determination, the trial court must determine how a reasonable person in the suspect's position would have understood his position. Id., citingBerkemer v. McCarty (1984), 468 U.S. 420.
 {¶ 12} The United States Supreme Court has defined custodial interrogation as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Miranda v. Arizona (1966), 384 U.S. 436,444. The state concedes Trooper Topp's question regarding the location of the marijuana amounted to an interrogation. However, for purposes of Miranda warnings, we must determine whether appellant was in custody at the time Trooper Topp interrogated appellant.
 {¶ 13} A suspect is in custody for purposes of Miranda when "there is a `formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." Beheler, supra, at 1125. The test to determine whether there is a sufficient restraint on freedom of movement is whether a reasonable person in the suspect's situation would understand that he was in a custodial situation. Berkemer, supra, at 422. The Berkemer court further found that persons detained pursuant to Terry stops are not "in custody" for Miranda purposes. Id. at 440.
 {¶ 14} The record indicates that at the time Trooper Topp asked appellant about the marijuana, he was still only involved in a Terry investigation. Trooper Topp had properly asked appellant to exit the vehicle pursuant to Pennsylvania v. Mimms (1977), 434 U.S. 106, 111, in order to ensure his safety and to investigate his suspicion that marijuana was present in the vehicle. The record further indicates that appellant was not handcuffed when Trooper Topp asked about the marijuana nor was appellant confined in Trooper Topp's cruiser.
 {¶ 15} Accordingly, we agree with the trial court's conclusion that appellant was not in custody at the time he made the incriminating response to Trooper Topp and therefore, was not entitled to Miranda warnings.
 {¶ 16} Appellant's sole assignment of error is overruled.
 {¶ 17} The judgment of the Ashland Municipal Court, Ashland County, Ohio, is affirmed.
By: Wise, J., Edwards, J. concurs.
Hoffman, P.J., dissents.
Topic: Suppression
[1] The State made an oral motion to nolo prosequi the charge of possession of marijuana, which the trial court granted.