{¶ 21} Although I agree that Appellant's conviction should be reversed, my opinion is based on the unusual circumstances of this case and on Appellee's failure to submit a brief for this appeal. I must point out that police may, as a general rule, order the occupants of a vehicle to sit in the police cruiser while they investigate the details of a traffic stop:
 {¶ 22} "[n]umerous courts have held that an officer may ask a driver to sit in his or her patrol car to facilitate the traffic stop. See, e.g., State v. Carlson (1995), 102 Ohio App.3d 585, 657 N.E.2d 591. See, also, State v. Warrell (1987), 41 Ohio App.3d 286, 287,534 N.E.2d 1237, 1239, and United States v. Barahona (C.A. 8, 1993),990 F.2d 412." State v. Lozada (2001), 92 Ohio St.3d 74, 76,748 N.E.2d 520. The police may ask the occupants to sit in police cruiser for no reason other than the convenience of the officers. Id. The majority seems to leave the distinct impression that the police must have a reasonable fear of their safety before they may place the occupants of a vehicle in their cruiser. I do not believe Lozada or the related caselaw supports such a conclusion.
 {¶ 23} This case, though, involves a more complicated set of facts above and beyond a request for Appellant to sit in the police cruiser during the investigation of a traffic stop. There are questions about why the police additionally put handcuffs on Appellant. The record also shows that the police performed a pat down search of Appellant. Even though Appellant does not raise any error with the pat down search, it is part of the overall circumstances of this case. It is not at all obvious that the police actions in this case were completely reasonable, and absent an argument by Appellee on appeal to explain why such drastic measures were reasonable and necessary or whether the facts of this case fall within the general rule allowing police to briefly require the occupants of a vehicle to sit in the police cruiser during an investigatory traffic stop, we can only conclude that Appellant is accurate in his presentation of the circumstances surrounding this case. Apparently Appellee does not dispute that, at some level, the police were unreasonable in the manner in which they detained Appellant. Based on the unique facts of this case and Appellee's lack of response on appeal, I concur in judgment with the majority.